UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAVEX SHOPS AT FLOWER MOUND, LP | § § § | |
| v. | § § | CIVIL NO. 4:26-CV-689-SDJ |
| AMGUARD INSURANCE COMPANY | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AmGuard Insurance Company's Motion to Dismiss. (Dkt. #3). Plaintiff Mavex Shops at Flower Mound, LP has not filed a timely response in opposition. *See* Local Rule CV-7(e) (allowing a party two weeks to file a response in opposition); *see also* Local Rule CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."). Having considered the record, the motion, and the applicable law, the Court concludes that the motion should be granted and the case dismissed.

### I. BACKGROUND

Plaintiff Mavex Shops at Flower Mound, LP ("Mavex") brought this claim against Defendant AmGuard Insurance Company ("AmGuard") in Texas state court for breach of contract. (Dkt. #1-4). Mavex alleges that AmGuard issued a commercial general liability policy to Mavex that covered injuries to invitees at their property. (Dkt. #1-4 at 4). An individual filed a lawsuit against Mavex for alleged injuries on that property. (Dkt. #1-4 at 4). Under the policy, AmGuard was to assume the obligation and cost of defending Mavex; however, AmGuard took around two months

to assign counsel to defend Mavex. (Dkt. #1-4 at 4–5). This delay caused Mavex to incur unnecessary defense costs in breach of the insurance policy. (Dkt. #1-4 at 5).

AmGuard timely filed a Notice of Removal, invoking this Court's diversity jurisdiction. (Dkt. #1). Subsequently, AmGuard filed this motion to dismiss arguing that, among other issues, Mavex's claim is time-barred. (Dkt. #3).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court has instructed that plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

When assessing a motion to dismiss under Rule 12(b)(6), the facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* Courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To determine whether the plaintiff has pleaded enough to "nudge[] [his] claims . . . across the line from conceivable to plausible," a court draws on its own common sense and judicial experience. *Iqbal*,

556 U.S. at 679–80 (second alteration in original) (quoting *Twombly*, 550 U.S. at 570). This threshold is surpassed when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A claim may also be dismissed pursuant to Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

In conducting this review, a court's inquiry is limited to "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents." *Id.*

### III. DISCUSSION

Under Texas law, the statute of limitations for a breach-of-contract claim is four years. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (citing TEX. CIV. PRAC. & REM. CODE § 16.051). However, parties may agree to a shorter period of no less than two years. TEX. CIV. PRAC. & REM. CODE § 16.070(a). Here, the parties did just that. In the parties' insurance policy, they agreed that "no one may bring a legal action against [AmGuard] under this insurance unless . . . [t]he action is brought within two years and one day from the date the cause of action first accrues." (Dkt. #3-1 at 31); *see Oaks on the Lane Condo. Ass'n v. United Specialty Ins. Co.*, No. 05-24-128-CV, 2026 WL 50763, at *3 (Tex. App.—Dallas Jan. 7, 2026, no pet.) (holding that a

provision with the same requirement is "valid and enforceable under Texas law"). According to the contract, "[a] cause of action accrues on the date of the initial breach of [the] contractual duties as alleged in the action." (Dkt. #3-1 at 31).

Mavex failed to file this action within the required time period. The delay in assigning counsel to Mavex ended no later than April 9, 2024. (Dkt. #1-4 at 4). However, Mavex did not file its Complaint until May 4, 2026. (Dkt. #1-4 at 2). Therefore, Mavex filed its Complaint over two years and a day after the cause of action accrued, making its breach-of-contract claim time-barred.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendant AmGuard Insurance Company's Motion to Dismiss, (Dkt. #3), is **GRANTED**.

It is further **ORDERED** that Plaintiff Mavex Shops at Flower Mound, LP's claim is **DISMISSED with prejudice**.

**So ORDERED and SIGNED this 14th day of July, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

4